UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

PIERRE CHEHADE
147 Pennsylvania Way
N. Brunswick, New Jersey 08902

        Plaintiff,

v.

NEW JERSEY TRANSIT
RAIL OPERATIONS, INC.
One Penn Plaza East
Newark, NJ 07105

        Defendant

:   **CIVIL ACTION - LAW**

:   **NO.**

:   **JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the plaintiff, PIERRE CHEHADE, by and through the undersigned counsel, Samuel J. Rosenthal and BARISH♦ROSENTHAL, complains of the defendant, NEW JERSEY TRANSIT RAIL OPERATIONS, INC. ("NJT"), and alleges:

1. Plaintiff, PIERRE CHEHADE, is an adult individual residing at 147 Pennsylvania Way, N. Brunswick, New Jersey 08902.

2. Defendant, New Jersey Transit Rail Operations, Inc., ("Transit") is and was at all times material hereto a corporation duly organized and existing under by virtue of law and was engaged in owning and operating railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in through and between various and several states of the United States and doing business in the State of New Jersey.

3. At all times material hereto, and for sometime prior thereto, plaintiff was in the employ of defendant as a Conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4. This action is brought against defendant pursuant to the Federal Employers' Liability Act, 45 United States Code §§51, et seq.

5. At all times material hereto, the defendant owned, controlled and/or maintained a Railroad Yard, steps, pedestal track stairs, stairs, and/or other property at or near Raritan, New Jersey.

6. On or about July 23, 2013, while performing his job duties as a Conductor for the Defendant, plaintiff was walking down steps, pedestal track stairs, and/or a stairs at the Defendant's Raritan Yard facility, when plaintiff was caused to slip, trip, lose his footing, suffering personal injuries as more fully set forth herein.

7. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of defendant, by and through its agents, servants and/or employees and/or ostensible agents, servants and/or employees in the following respects which include, but not limited to:

    a. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the subject steps, pedestal track stairs, and/or a stairs in a reasonable safe condition;

    b. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide proper footing area and/or surface for the plaintiff to perform the duties of his employment;

    c. failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a reasonably safe means with which to get to and from his work area;

d.  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with steps, pedestal track stairs, and/or a stairs were not subject to improperly slippery due to the presence of rain, water and some other slippery substance;

e.  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to provide plaintiff with a proper handholds;

f.  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to properly repair and/or maintain the steps, pedestal track stairs, and/or a stairs in a condition from the prospect of being improperly slippery;

g.  failing to use ordinary care to furnish plaintiff with a reasonable safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

h.  failing to warn plaintiff of the dangerous and/or hazardous condition of the work area, including, but not limited to, the steps, pedestal track stairs, and/or a stairs, which were made unsafe due to the presence of improper lighting;

I.  failing to remedy and/or correct the defective, dangerous, and/or hazardous conditions, as described above, when defendant knew or should have known that said conditions existed;

j.  failing to use ordinary care to service and/or maintain the subject steps, pedestal track

stairs, and/or a stairs, in a reasonable safe condition;

k. failing to use ordinary care to properly inspect the subject steps, pedestal track stairs, and/or a stairs, to ensure that same were in a reasonable safe condition;

l. failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the safety of the workplace, particularly as it pertains to the existence and presence of such hazards;

m. failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as more fully described above;

n. failing to provide plaintiff with a reasonably safe place to perform his job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to plaintiff;

o. failing to maintain the subject steps, pedestal track stairs, and/or a stairs with a properly secured angled, diamond plated "bullnose;"

p. failing to provide plaintiff with a reasonably safe place to perform the duties of his employment; and

q. failing to maintain the subject steps, pedestal track stairs, and/or a stairs so that same were free from the presence of a dangerous condition.

8. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of defendant, more fully described above, plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in

limitation of any other personal injuries he may have sustained, plaintiff suffered injuries to his right leg, lower extremity and/or foot, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

11. The injuries sustained by plaintiff were caused solely and proximately by the negligence of defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

WHEREFORE, plaintiff, demands judgment in his favor and against defendant, New Jersey Transit Rail Operations, Inc., in an amount for compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

BARISH♦ROSENTHAL

_____
Samuel J. Rosenthal, Esquire
Attorney for Plaintiff